SUMMONS ISSUED

CV 12 8671

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUL 2 4 2012

LONG ISLAND OFFICE

BEREL ZWEIBEL on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

FIRST NATIONAL CREDIT BUREAU, INC.

                Defendant.

-------------------------------------------------------

TOWNES, J.

POLLAK, M

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Berel Zweibel seeks redress for the illegal practices of First National Credit
    Bureau, Inc. in which it unlawfully engaged in the collection of consumer debts in
    violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*
    ("FDCPA").

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer
    debt.

5.  Upon information and belief, Defendant's principal place of business is located within
    McCarran, Nevada.

-1-

6.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.  Defendant is a "debt Collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Berel Zweibel

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12. The callers presented a standard prerecorded stating: "Hello, we are trying to reach Berel Zweibel, if you are not this person, please press the two key now. If you are this person, please press the one key now or you can return the call at 1800 824 6191 at your earliest convince. Thank you."

13. The callers failed to identify themselves as debt collectors attempting to collect a debt.

14. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

15. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

-2-

16. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

17. On or about June 27, 2012, a representative from First National Credit Bureau, Inc. called the Plaintiff.

18. The Plaintiff answered the telephone, and the following conversation ensued:

19. **Collector:** "One moment please."…"First National Collection Bureau.  This is Gloria, how can I help you?"

   **Plaintiff:** "Hi, you guys just called me…"

   **Collector:** "How are you today sir?"

   **Plaintiff:** "I'm alright."

   **Collector:** "I'm glad to hear that, it looks like we're trying to speak with…I'm not even pulling up your phone number, are you calling from a different…aw…I've got a wrong number in here, hold on."

   **Plaintiff:** "I didn't call you, you guys called me."

   **Collector:** "Berel Zweibel?"

   **Plaintiff:** "Correct."

   **Collector:** "Alright, do you live at 16….apt 4F?"

   **Plaintiff:** "Correct."

   **Collector:** "This call is being recorded for quality assurance, it is an attempt to collect a debt, and any information obtained will be used for that purpose. My name is Lori Klorbitt, this is a Direct Marketing account, sir, the amount owed is nine thirty nine and

-3-

73 cents."

.......

**Collector:** "The open date on this was July 22 of 2003, and the last charge date on it was, three-thirty of 2005, the last payment was $100."

**Plaintiff:** "And what's the name of the company whom I owe the money to?"

**Collector:** "The company that you owe now was AIS Services, they bought it from Direct Marketing, and..."

**Plaintiff:** "Ok you know what...I just dispute this then."

**Collector:** "That's fine, I am going to take the account that you are refusing to pay and let my client decide what they'd like to..."

**Plaintiff:** "No I said....Listen what I said...hello..."

**Collector:** "Ok sir, in order to dispute an account you must write us an official letter, do you want my address?"

**Plaintiff:** "That's the only way to make a dispute?"

**Collector:** "Yes, and you have to explain why you want to dispute it, and then my client will decide if they will allow you dispute it or not."

**Plaintiff:** "Oh...Ok so the only way that they're going to report it to the credit bureaus as disputed is if I send in this letter?"

**Collector:** "You have to send in the letter and then they have to agree upon it...just because you send a letter, it doesn't mean that they're going to excuse you."

**Plaintiff:** "Ok."

**Collector:** "What is your dispute?"

-4-

**Plaintiff:** "What's the address?"

**Collector:** "It's First National Collection Bureau, 610 Waltham Way Sparks, Nevada

NV 89434….please put your reference number on your letter, it's 036520426."

**Collector:** "And what is your dispute sir?"

**Plaintiff:** "No, I just want them to tell the credit bureau that it's disputed."

**Collector:** "They're not going to do that, but go ahead and send your letter…have a

good day."

**Plaintiff:** "Bye Bye."

20.   From the said telephone conversation, the Defendant implied that Plaintiff could not

dispute the debt over the phone, but rather, Plaintiff must put his dispute in writing, and

that there has to be some kind of a basis for the dispute.

21.   The FDCPA does not require the consumer to provide any reason at all in order

to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002);

Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004)

(a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason,

or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D.

111. May 23, 2002) (imposing a requirement that a consumer have a `valid' reason to

dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000

WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires., 1999 WL 301650

(N.D. Ill. May 3, 1999); DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir.

2001); Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007) (unlawful to

suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. <u>Brady v. The Credit Recovery Company, Inc.</u>, 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt Collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt. See, e.g., <u>Rivera v. Bank One.</u>, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); <u>Matter of Sommersdorf.</u>, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); <u>Ditty v. CheckRite, Ltd.</u>, 973 F.Supp. 1320, 1331 (D.Utah 1997).

A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt Collector's assumption of validity. See. <u>Rosado v. Taylor.</u>, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § § 1692g(a)(3) by requiring that disputes be in writing to prevent the Collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt Collector report the dispute if reporting the debt to third parties).

It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer  See. <u>Register v. Reiner, Reiner & Bendett, P.C.</u>, 488 F.Supp.2d 143 (D.Conn. 2007); <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>, 464 F.Supp.2d 720 (N.D. Ohio 2006); <u>Baez v. Wagner & Hunt, P.A.</u>, 442 F.Supp.2d 1273 (S.D.Fla. 2006); <u>Turner v. Shenandoah Legal Group, P.C.</u>, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006); <u>Vega v. Credit Bureau Enters.</u>, No. CIVA02CV1550, 2005 WL 711657

-6-

(E.D.N.Y. Mar. 29, 2005); Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL
31040647 (S.D.N.Y. Sept. 12, 2002); In re Risk Mgmt. Alternatives, Inc., Fair Debt
Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); Sambor v.
Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002); Sanchez v. Robert E.
Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001); Castro v. ARS Nat'l Servs., Inc., No.
99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Ong v. Am. Collections
Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); Reed v. Smith,
Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995); Harvey
v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981).

Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector
must communicate that a debt is disputed. The FDCPA does not give debt Collectors the
authority to determine unilaterally whether a dispute has merit.) Purnell v. Arrow Fin.
Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich. Feb. 2, 2007)
(The court stated "Congress has identified as harmful the failure to report a disputed debt
as disputed, and, whatever the wisdom of that policy choice, Congress did not
distinguish between communications that were intended and knowing as opposed to
unintended and automatic. Indeed, the "directly or indirectly" language of Section
1692a(2) suggests that Congress saw no difference between the two. From the
perspective of a consumer disputing a debt, it similarly matters not how it is that a
dispute marker is lost. The harm inheres in the simple fact that information about an
apparently undisputed debt in that person's name exists in the credit reporting industry,
which can have untold negative consequences for people who engage in commerce.")

Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993) (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C.S. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C.S. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be ʼvalid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

22.     Upon information and belief, First National Credit Bureau, Inc. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

23.     Upon information and belief, First National Credit Bureau, Inc. and its employees when receiving written disputes as a matter of procedural practice and pattern, do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

24.     First National Credit Bureau, Inc. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

-8-

25.   First National Credit Bureau, Inc. and its employee wrongfully stated to the Plaintiff that he could not orally dispute the debt with the First National Credit Bureau, Inc.

26.   First National Credit Bureau, Inc. and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

27.   First National Credit Bureau, Inc. and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

28.   Upon information and belief, First National Credit Bureau, Inc. and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

29.   The First National Credit Bureau, Inc. employee who spoke with Berel Zweibel intended to speak the said words to the Plaintiff.

The acts and omissions of First National Credit Bureau, Inc. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

31.   Upon information and belief, First National Credit Bureau, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

32.   As an actual and proximate result of the acts and omissions of First National Credit Bureau, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute

-9-

embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

33.    In addition, when the Plaintiff inquired as to whether or not the debt would be reported as disputed to the credit bureaus, the Defendant stated: "They're not going to do that..."

34.    Said language is a threat to communicate false credit information.

35.    1692e(8) clearly states "...threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

36.    The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

37.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38.    This cause of action is brought on behalf of Plaintiff and the members of three classes.

39.    Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received a telephonic message from Defendant's representative within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the Defendant denied the Plaintiff the right to dispute the debt orally and required the Plaintiff to provide a valid reason to dispute.

-10-

40.    Class B consists of all persons whom Defendant's records reflect resided in the State of
       New York and who received a telephonic message from Defendant's representative
       within one year prior to the date of the within complaint up to the date of the filing of
       the complaint; (a) that the Defendant made false threats of credit information in
       violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8), and 1692e(10).

41.    Class C consists of all persons: (a) whom Defendant's records reflect resided within the
       State of New York who received telephonic messages from Defendant within one year
       prior to the date of the within complaint up to and including the date of the filing of this
       Complaint; (b) involving telephone messages which were placed without setting forth
       that the communication was from a debt collector; and (c) that the telephone messages
       were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

       Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
       preferable in this case because:

       (a)    Based on the fact that form telephonic messages are at the heart of this litigation,
              the class is so numerous that joinder of all members is impracticable.

       (b)    There are questions of law and fact common to the class and these questions
              predominate over any question(s) affecting only individual class members.  The
              principal question presented by this claim is whether the Defendant violated the
              FDCPA.

       (c)    The only individual issue involves the identification of the consumers who
              received such telephonic messages (*i.e.* the class members).  This is purely a
              matter capable of ministerial determination from the records of the Defendant.

-11-

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

46. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

-12-

47.   Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff
      and the members of the class are entitled to damages in accordance with the Fair Debt
      Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and
against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

            And

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the

            circumstances.

Dated: Cedarhurst, New York
July 2, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-13-